# CHARLESTON.

Klein *v.* Great Northern Life Ins. Co.

(No. 6646)

Submitted April 8, 1930.   Decided April 15, 1930.

*E. W. Worrell,* for plaintiff in error.
*J. Albert Toler,* for defendant in error.

Woods, Judge:

Action for benefits claimed to be due under a health and accident policy, which, inter alia, provides for indemnity for continuous total disability, due to certain bodily diseases, pre-

venting insured from performing any and every kind of duty pertaining to his occupation, and graduates the indemnity into two classes, namely, house and nonhouse confinement; the former being at the rate of $200 and the latter $80 per month. The jury returned a verdict in favor of plaintiff for the sum of $516.88, representing thirty-two days' house, and one-hundred thirty non-house confinement. From a judgment entered thereon, defendant prosecutes this writ.

The declaration (statutory form) alleges in substance that defendant owes plaintiff $2,500 for loss in respect to the subject-matter covered by attached insurance policy ''caused by the total disability of the plaintiff,'' from and including the whole of the month of April, 1928, to and including the whole of the month of April, 1929, due to a disorder and disease of his stomach and other digestive organs, but which disease was not one of the diseases excepted from the operation of said policy, and during all of which time the plaintiff was continuously wholly disabled and prevented, solely by said bodily disease, from performing any and every kind of duty pertaining to his occupation.

Defendant contends that the general averment of total disability is not sufficient to permit the introduction of evidence of disability during confinement as well as out of confinement, and that the court erred in overruling its motion to strike plaintiff's evidence for that reason and direct a verdict. The averment in the declaration when read in connection with the policy was sufficient to give defendant notice of the nature of plaintiff's claim. *Tucker* v. *Insurance Co.*, 58 W. Va. 30, 51 S. E. 86. Under such circumstances the defendant cannot complain, because it was its duty to ask for a more particular statement if it desired further information. Section 62, c. 125, Code.

Defendant also complains of the court's refusal to instruct the jury to the effect that if they believed from the evidence that plaintiff and defendant did, on the 21st day of June, 1928, compromise and adjust all matters in difference, whether past, present, or future, for all claims arising under and by reason of the policy sued on, they should find for defendant. Defendant was permitted, over objection, to file two special

pleas based on a receipt, under seal, printed on the back of defendant's check to plaintiff, bearing date June 21, 1928, for $220. The receipt purported to accept the aforesaid amount in full satisfaction of all claims "for or on account of all disabilities sustained, beginning March 9, 1928, and for any past, present or future loss or disability on account of illness, disease or injury sustained or received *up to this date.*" Plaintiff introduced evidence to the effect that he, as well as the claim agent, understood it to be a settlement up to date of the check, and that any continuance of his illness would thereafter be adjusted and paid. The correspondence of the defendant company after that date supports such a construction. No evidence whatever was offered on the part of the defendant to show the circumstances leading up to the so-called settlement, introduced on cross-examination of plaintiff and over his objection. The evidence clearly preponderates in favor of plaintiff's contention that the parties litigant did not on the 21st day of June, 1928, "compromise and adjust all matters in difference," as set forth in said instruction. We are therefore of opinion that the defendant, under the case made, was not prejudiced by the refusal of the instruction.

The evidence was sufficient to support the verdict. The judgment of the lower court must therefore be affirmed.

*Affirmed.*